In the Matter of the Application of the COXSACKIE BOARD OF TRADE, Respondent, for the Removal of JESSE R. BLOOM and SAMUEL H. RAPHAEL, as Copartners, Tenants, Appellants, and NATHAN GEIVMAN, from Premises in the Village and Town of Coxsackie, Greene County, New York.

Third Department, July 1, 1918.

**Landlord and tenant — lease of building by village board of trade for purpose of furnishing employment construed.**

A village board of trade, for the purpose of furnishing employment, leased a hall for the term of two years, with the understanding that it was to be used as a shirt factory employing a certain number of hands, and if not so used that the tenants should pay a certain sum per year. The

tenants operated a factory in the building for a few months when a disagreement arose between them and the occupant who ceased to work for them, but to occupy the building as a tenant of the board of trade, and with its consent, and continued to maintain a shirt factory therein. *Held*, on all the evidence, that the board of trade, having received the benefit of the lease, is not entitled to recover rent under its agreement on the theory that the tenants did not perform.

APPEAL by the tenants, Jesse R. Bloom and another, from a final order and judgment of the County Court of Greene county, entered in the office of the clerk of said county on the 8th day of December, 1917, removing the appellants from certain premises for non-payment of rent.

*Robert C. Poskanzer,* for the appellants.

*Osborn, Bloodgood, Wilbur & Fray* [*H. C. Wilbur* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The Board of Trade of Coxsackie, evidently for the purpose of furnishing employment for labor in the village, rented to the appellants " Ideal Hall " for the term of two years from April 1, 1916, with the understanding that the premises were to be used as a shirt factory, employing a certain number of hands, and if it was not so used then that the tenants should pay $150 per year rental, payable quarterly. The tenants moved to the building from New York one Geivman with his machinery and tools, and operated a factory in said building up to about September 23, 1916, when a disagreement arose between them and Geivman telegraphed them that he would not work for them any longer and to send him no more goods. Geivman, however, continued to carry on the shirt factory in the building, evidently carrying out substantially the agreement which the appellants had made for the use of the premises. Geivman was sworn as a witness in behalf of the plaintiff, and swore that since he ceased to work for the appellants he had occupied the building as a tenant of the Board of Trade and with its consent; that the officers of the board told him he could use it without rental if he would continue the factory. This is not denied, except the president of the board denies that a lease was made. Geivman does not swear that any lease was made, but that he

held the premises as tenant by the agreement of the president and the other directors. The appellants had some communication with the Board of Trade with reference to the premises after Geivman refused to work for them, with the view of having Geivman removed from the premises. One of the appellants swears that one of the officials wrote him, " If you put Mr. Geivman out we will put him another place." The respondent claims here that the appellants never started a shirt factory in the building and violated the agreement from the outset. This is a mere technical claim, as it is evident that they carried on a shirt factory in the building until September, 1916. It is also evident that the building has been continuously occupied by Geivman as a shirt factory, carrying substantially the help required by the original lease. So that in effect the Board of Trade has had all the benefits under the lease which the lease contemplated. After having received the benefit of the lease it now seeks to recover the rent on the theory that the tenant did not perform. It is manifest that after Geivman refused to work for the appellants, by an understanding with the Board of Trade and its officers, he continued to carry on the shirt factory in the manner provided for by the lease. It is a fair inference from the evidence that by the act and understanding of the parties when Geivman ceased to work for the Board of Trade, that the Board of Trade recognized the original lease as at an end, and made a new arrangement similar in all respects with Geivman. , It is not in a position to now claim that the premises have been occupied by the appellants as its tenants during the time that Geivman was occupying it with its consent. The order appealed from should, therefore, be reversed, with fifty dollars costs and disbursements.

All concurred.

Order reversed, upon law and facts, with fifty dollars costs and disbursements, and petition dismissed, with costs. The court disapproves of the finding that the appellants did not perform the terms of the lease, and that in a manner they are in default to the Board of Trade and that there is any rent due from them, and also disapproves of the finding that the appellants were holding over after default.